HOOD, Judge.
This is a tort action instituted by Leon Vidrine and his wife, Beulah Fontenot Vidrine, arising out of a motor vehicle collision which occurred on April. 12, 1961. It is a companion suit to the case of Vidrine v. Simoneaux et al., La.App., 145 So.2d 400, which arose out of the same accident and which is being decided by us on this date.
In the Vidrine case we concluded that the trial judge was correct in finding that defendant Simoneaux was liable for the damages sustained by plaintiffs in this suit, but that he erred in finding that defendant, Aetna Casualty and Surety Company, also was liable for such damages in holding that defendant Stelly was free from liability. For the reasons assigned in the companion suit of Vidrine v. Simoneaux et al., supra, therefore, the judgment of the trial court must be amended, insofar as liability is concerned, to decree defendants Simoneaux and Stelly to be liable, jointly and severally, to plaintiffs, and to reject plaintiffs’ demands against the remaining defendant, Aetna Casualty and Surety Company.
The only remaining issues presented here-relate to quantum. Defendants-appellants contend that the awards were excessive, and plaintiffs have answered the appeal seeking to have them increased.
As a result of the accident Mr. Leon Vidrine sustained a possible brain concussion, a large hematoma of the left eye with lacerations around that eye, a hematoma on the left side of his head, contusions of the entire left chest, contu *413 sions and abrasions of the left shoulder, an abrasion of the nose, and a cut on the inside of his mouth. One of the lacerations near his eye occasioned a considerable amount of bleeding and required about six sutures. He developed a dermatitis as a reaction to a tetanus shot, which persisted only a few days and consisted of a swelling and itchy feeling. He was hospitalized for about IS days following the accident, but was completely ambulatory at the time of his release from the hospital. Mr. Vidrine suffered from asthma and a chronic myo-carditis prior to the accident, and his asthmatic condition was aggravated to some extent by the accident while he was in the hospital, but he apparently recovered completely by the time he was discharged. Although he and his physician were concerned over a possible aggravation of his heart condition, it appears that no such aggravation occurred. He states that he still suffers from boils, that his eyes are weaker than they were before the accident, and that he has a pain in his left shoulder, but the evidence convinces us that none of these complaints are related to the injuries which he received in this accident.
The trial court awarded Mr. Vidrine the aggregate sum of $5,097.25, which includes an award of $2,000.00 for pain and suffering and the sum of $3,097.25 for special damages, consisting of medical and hospital expenses incurred for himself and for his wife. No issue is raised on this appeal as to the amount awarded as special damages, and we think the award of $2,-000.00 for the injuries which Leon Vidrine sustained, including pain and suffering, is fair and adequate and is in line with awards made in other comparable cases.
The injuries sustained by Mrs. Beulah Vidrine as a result of this accident consisted of severe lacerations of the mouth, a whiplash injury to her neck, severe contusions of the left shoulder and the left side of her head, a lumbosacral strain, abrasions and a large hematoma of the left leg and possible sprained ankle. JHer false teeth and her eye glasses also were broken and had to be replaced. As a result of the accident she developed thrombophlebitis, which was accompanied by high fever and pain. It became necessary to incise the hematoma on her leg, and thereafter she suffered from “furnu-culosis,” or boils, some of which also had to be incised. In connection with the treatment of her injuries she was hospitalized for a period of 44 days and she remained under treatment for several weeks thereafter.
Mrs. Vidrine was employed by her treating physician prior to the accident, and she returned to her former employment three or four weeks after being released from the hospital. She apparently has been able to continue to perform the duties of her employment since that time, although she still complains of some pain or discomfort in her back and left leg. There apparently are no longer any objective findings to explain the pain in her back, but the pain in her leg appears to be due largely to the impaired circulation in that part of her body. The calf of her leg was almost one inch larger in circumference than that of the right several months after the accident occurred, indicating that fluid was present and that normal circulation had not been restored in the left leg. We are convinced that she now suffers the pain of which she complains, but that she should be completely recovered from her injuries within a few months.
The trial court awarded Mrs. Vidrine the sum of $9,902.75 for all of the injuries which she sustained, including pain and suffering. We think this award is fair and adequate.
For the reasons herein set out, therefore, the judgment appealed from is amended and recast to read as follows:
IT IS ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, Leon Vidrine, and against the defendants, Robert L. Si-moneaux and Marion J. Stelly, jointly and *414 in solido, for the sum of $5,097.25 together with interest at the rate of five percent (5%) per annum from date of judicial demand until paid and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that there be judgment herein in favor of plaintiff, Beulah F. Vidrine, and against defendants, Robert L. Simoneaux and Marion J. Stelly, jointly and in solido, in the sum of $9,902.-75, together with interest at the rate of five percent (5%) per annum from date of judicial demand until paid and for all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that the demands of plaintiffs, Leon Vidrine and Beulah F. Vidrine, against defendant, Aetna Casualty and Surety Company, be rejected, and that the third party petition filed by Aetna Casualty and Surety Company be dismissed.
Except as herein amended and recast, the judgment appealed from is affirmed. All costs of the appeal are assessed to defendant-appellant, Robert L. Simoneaux, and to defendant-appellee, Marion J. Stelly.
Amended and affirmed.
TATE, J., concurs in part and dissents in part.